UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NOAH J.,<br><br>              Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | CASE NO. 2:25-cv-00842-GJL<br><br>SOCIAL SECURITY DISABILITY APPEAL ORDER |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 4. This matter has been fully briefed. *See* Dkts. 9, 11, 15.

After considering the administrative record (AR) and all memoranda, the Court concludes the Administrative Law Judge (ALJ) did not err in finding Plaintiff not disabled. The Court accordingly **AFFIRMS** the Commissioner's final decision in this matter.

                **I.**      **PROCEDURAL HISTORY**

Plaintiff's applications for Supplemental Security Income (SSI) benefits and Disability (DIB) were denied initially and following reconsideration. *See* AR 71–110. Plaintiff's requested

SOCIAL SECURITY DISABILITY APPEAL ORDER - 1

hearing was held before the ALJ on April 9, 2024. AR 40–70. On June 5, 2024, the ALJ issued a written decision concluding Plaintiff was not disabled. AR 14–39. On March 14, 2025, the Appeals Council declined Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1–6. On May 7, 2025, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 1. Defendant filed the sealed AR in this matter on July 7, 2025. Dkt. 7.

## II.   BACKGROUND

Plaintiff was born in 1972 and was 47 years old on August 16, 2022, his alleged date of disability onset. AR 17, 33. Plaintiff has at least a high school education. AR 33. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of left ankle fracture, status-post surgery; degenerative joint disease of the left ankle; hypertension; and peripheral neuropathy. AR 19. However, the ALJ found Plaintiff was not disabled because he had the following Residual Functional Capacity (RFC):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can lift/carry 10 pounds frequently and 20 pounds occasionally; can stand and/or walk for 2 hours in an 8-hour workday; can sit for at least 6 hours in an 8-hour workday; can occasionally use the lower left extremity for operation of foot controls; can occasionally climb ramps and stairs but can never climb ladders, ropes, or scaffolds; can frequently kneel; can occasionally balance, crouch, and crawl; should avoid exposure to industrial vibration; and should avoid exposure to hazards such as unprotected heights and dangerous machinery.

AR 22–23.

## III.   DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In his opening brief, Plaintiff argues the ALJ erred in (1) failing to properly assess two medical opinions and (2) not finding him capable of performing only sedentary work. *See* Dkt. 9.

**A.     Medical Opinion Evidence**

Plaintiff argues the RFC's findings that Plaintiff was unlimited in the manipulative areas of reaching, handling, fingering, and feeling, and that Plaintiff was able to perform some occasional postural limitations (balancing, crouching, crawling), were not supported by substantial evidence because the ALJ improperly considered two medical opinions which opined otherwise. *See* Dkt. 9 at 16–19. Specifically, consultative examiner Clarissa Foy, ARNP, opined in March 2022 that Plaintiff could only occasionally engage in manipulative functions and could not engage in postural functions. AR 510. Treating provider Thuy Do, MD, opined Plaintiff had marked limitations in stooping and crouching. AR 627.

Plaintiff has not shown reversible error in the ALJ's consideration of his postural limitations. An error that is inconsequential to the disability determination is harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). At step five, the ALJ found Plaintiff capable of performing the positions of Cashier II and Ticket Seller, with a combined 74,000 jobs available in the national economy. *See* AR 34. Neither position requires climbing, balancing, stooping, kneeling, crouching, or crawling. *See* DICOT 211.462-010, 211.467-010. 74,000 jobs is a significant number of jobs in the national economy. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528–29 (9th Cir. 2014). Thus, any error in assessing Plaintiff's postural limitations would not invalidate the ALJ's step five finding. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (finding error in failing to include postural limitations harmless because positions relied upon required at most infrequent postural activity).

With respect to Plaintiff's manipulative limitations, the ALJ properly considered and rejected the opinion of Ms. Foy. For applications, like Plaintiff's, filed after March 27, 2017, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2).

The ALJ found Ms. Foy's opinion inadequately supported and inconsistent with the record. AR 31. Ms. Foy explained that her manipulative limitations were "due to carpal tunnel syndrome, decreased sensation and strength." AR 510. The ALJ explained that Ms. Foy's opined manipulative limitations were:

> not consistent with her findings of full range of motion of the wrists, thumbs, and fingers, and that [Plaintiff] was able to pick up a coin from a flat surface, touch his thumb to all fingertips, and button/unbutton [AR 508]. She did not explain her opinion aside from noting "decreased sensation and strength," but those findings were minimal, including 4/5 right arm strength and 3/5 elbow strength [AR 508] and not well documented elsewhere in the record.

AR 31. The ALJ discussed Plaintiff's potential manipulative limitations elsewhere, finding there were a few reports of numbness and tingling in his hands and arms but that he otherwise displayed painless range of motion and grip strength. *See* AR 29. Further, the ALJ noted that there was little evidence suggesting impaired manipulative abilities, as electrodiagnostic testing was ordered but "there is no indication it was performed," and that Plaintiff's arm-related symptoms may have been related to surface leaning or nutritional deficits. *Id.* Additionally, the

ALJ did not find carpal tunnel syndrome to be a medically determinable impairment (*see* AR 19) and Plaintiff has not challenged this omission (*see* Dkt. 9).

"The ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)); *see also Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (affirming rejection of medical opinion that "included only conclusions regarding functional limitations without any rationale for those conclusions" along with largely normal mental status findings). Additionally, an internal inconsistency can serve as a proper reason for discounting a physician's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of an internally inconsistent medical opinion).

The ALJ reasonably found Ms. Foy's opined manipulative restrictions unsupported and inconsistent with the record. As the ALJ noted, Ms. Foy's examination revealed findings which were reasonably considered inconsistent with severe manipulative restrictions—Plaintiff was able to perform activities with his fingers and had a normal range of motion in his wrists. *See* AR 508. With respect to Ms. Foy's findings of reduced sensation and strength, the ALJ properly found these were minimal and not documented elsewhere in the record, as he had explained in his assessment of the medical evidence. *See* AR 29, 31. Thus, he reasonably found Ms. Foy's strength and sensation deficits did not support her opined limitations.

Plaintiff opposes this conclusion for several reasons. Dkt. 9 at 19. First, he points out another physician opined Plaintiff had reduced handling abilities (*see id.*, citing AR 1063), but the ALJ found that opinion unpersuasive (AR 31) and Plaintiff has not challenged that finding.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 5

Moreover, that some other evidence in the record is consistent with an opinion does not show the ALJ erred in finding the opinion inconsistent with the record as a whole.

Second, he contends the ALJ erred by interpreting the results of Ms. Foy's medical examination himself, but an ALJ does not err simply by interpreting the medical evidence—there is "a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022).

Third, Plaintiff contends Ms. Foy's manipulative limitations are consistent with the record because Plaintiff complained of hand numbness at appointments, he was noted to have asymmetric strength on one examination, and he was referred for carpel tunnel testing. *See* Dkt. 9 at 9 (citing AR 532, 787, 789, 802–03). But as discussed, the ALJ considered this evidence. *See* AR 29. The ALJ found Plaintiff's subjective complaints uncredible and noted other evidence showing Plaintiff had normal strength. *See id.* That Plaintiff was referred for further testing related to carpel tunnel syndrome is inconsequential because, as the ALJ noted (AR 29), the results of such testing is not in the record. Without such evidence, carpel tunnel syndrome cannot be a medically determinable impairment (*see* 20 C.F.R. § 404.1521) and therefore cannot be considered in the disability determination (*see* 20 C.F.R. § 404.1505(a)).

In sum, Plaintiff has not shown reversible error with respect to Dr. Do and Ms. Foy's opined postural limitations, and the ALJ properly rejected Ms. Foy's opined manipulative limitations.

**B.      Sedentary Work**

Plaintiff argues the ALJ erred in characterizing the RFC as being one permitting him to perform light, rather than sedentary, work. Dkt. 9 at 12–14. If the ALJ had found Plaintiff

capable of performing only sedentary work, Plaintiff would likely be found disabled after his 50th birthday if the ALJ found he had no transferable skills. Guidelines[1] Rule 201.12.

In the sequential evaluation process, the ALJ "must first identify the [claimant's] functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis," and thereafter "may" express the RFC in in exertional terms such as "sedentary" or "light." SSR 96-8p; *see also* POMS 24510.006(C)(3).

The exertional classification chosen by the ALJ becomes relevant at step five when the ALJ determines whether the Guidelines direct a finding of disability or non-disability. *See* SSR 96-8p. If a claimant's RFC "coincide[s]" with a particular exertional level (and the other criteria of a rule), a Guidelines Rule directing a finding of disabled or not disabled at step five applies. *See* Guidelines Rule 200.00(a). Otherwise, the Guidelines do "not direct a conclusion of disabled or not disabled." *Id.* Thus, a rule applies only if the RFC allows a claimant to perform nearly all the strength activities within a particular exertional level but "do[es] not allow performance of exertional levels beyond that in question." SSR 83-10.

When no rule applies, the ALJ may consult a Vocational Expert (VE) (*see* SSR 83-12), and the VE's testimony is ordinarily substantial evidence to support the ALJ's step five finding, *see Ford*, 950 F.3d at 1160. The ALJ must still use the Guidelines as a framework in such a circumstance. *See* Guidelines Rule 200.00(e). In so doing, he must determine whether the occupational base for the higher exertional level is insignificantly eroded (resulting in a finding of non-disability), significantly eroded (which "could" result in a finding of disability) or somewhere in the middle. *See* SSR 83-12, Adjudicative Guidance § 2. But the ALJ can rely upon VE testimony in determining the extent to which the occupational base is eroded. *See id.* § 2(c).

---

[1] The "Guidelines" refer to Appendix 2 to Subpart P of 20 C.F.R. § 404.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 7

Even where the ALJ is required to use the Guidelines as a framework, the VE's testimony is ordinarily substantial evidence supporting the ALJ's step five finding. *See Swenson v. Sullivan*, 876 F.2d 683, 688 (9th Cir. 1989).

The regulations define the sedentary and light exertional levels as follows:

> (a) *Sedentary work.* Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
>
> (b) *Light work.* Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(a)–(b).

Here, the ALJ found Plaintiff capable of lifting 20 pounds occasionally and 10 pounds frequently (AR 22–23), mirroring the first sentence of the definition of light work, *see* 20 C.F.R. § 404.1567(b). The ALJ did not find Plaintiff could perform a full range of light work—rather, given the other limitations in the RFC, he found Plaintiff could perform only a reduced range thereof. AR 33. Because the ALJ found Plaintiff could perform the lifting and carrying required of light work, he did not err in declining to apply the Guidelines for sedentary work.

Contending otherwise, Plaintiff argues the RFC's sedentary standing-and-walking requirement compels a finding that he could perform only sedentary work. Dkt. 9 at 13–14. True, under the regulations, "performing a full or wide range of light work" requires substantial standing and walking. 20 C.F.R. § 404.1567(b). And SSR 83-10 states that the "primary

difference between sedentary and most light jobs" is in standing or walking capacities.[2] But these sources show only that many light jobs could not be done by a claimant with a sedentary walking-and-standing limitation. Neither source shows that all light work is eliminated with a sedentary standing-and-walking requirement or that such a limitation "do[es] not allow performance of exertional levels beyond" sedentary. SSR 83-10.

The regulations compel a contrary conclusion. The regulatory definition of sedentary work begins with a lifting requirement ("no more than 10 pounds at a time") and ends with the statement that "[j]obs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). If a claimant's sedentary standing and walking capabilities were sufficient for an RFC to coincide with sedentary work, there would be no "other sedentary criteria" to be met, rendering that portion of the definition superfluous, along with the lifting requirement the definition begins with. *See id.* Put differently, a position where a claimant must lift more than 10 pounds but only occasionally walks and stands may not be an archetypal light work position, but it cannot be a sedentary one. And under the DOT's definition of the term (incorporated into the regulations under 20 C.F.R. § 404.1567), a position is a light position if its "physical demand requirements are in excess of those for Sedentary Work." DOT App'x C § IV.

The regulations and the DOT also make apparent that some jobs can be light even with minimal standing and walking: A job is light "when it involves sitting most of the time with some pushing and pulling of arm or leg controls," 20 C.F.R. § 404.1567(b), or when it requires

---

[2] Both these sources are relied upon in non-binding precedent cited by Plaintiff. *See McClure v. Comm'r of Soc. Sec.*, 2016 WL 4628049, at *4–6 (S.D. Cal. Aug. 9, 2016); *Campbell v. Astrue*, 2010 WL 4689521, at *3–5 (E.D. Pa. Nov. 2, 2010).

SOCIAL SECURITY DISABILITY APPEAL ORDER - 9

pushing and pulling of materials at a production rate pace. DOT App'x C § IV. A minimal standing and walking requirement, then, may be consistent with a light work finding.

Even if the occupational base for light work is "significantly eroded" by the RFC, SSR 83-12 says only that this "could" result in a finding of disability. It does not require such a finding. As discussed, in determining whether the occupational base for light work is "significantly eroded" and whether the erosion renders the number of jobs available insignificant, the ALJ can rely upon VE testimony. *See* SSR 83-12 § 2(c); *Swenson*, 876 F.2d at 688. Here, that VE testimony showed there are light positions which Plaintiff can perform. *See* AR 67–68.

In his Reply Brief, Plaintiff argues there is a conflict between the VE's testimony and the DOT's definition of light work. Dkt. 15 at 5. An "obvious or apparent" conflict between the VE's testimony and the DOT triggers a duty to inquire about that conflict. *Lemear v. Berryhill*, 865 F.3d 1201, 1205–06 (9th Cir. 2017) (citing and quoting *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016)). However, because DOT occupational descriptions "list[] 'maximum requirements' of the jobs as 'generally performed,' . . . not all potential conflicts between an expert's job suitability recommendation and the [DOT's] listing of 'maximum requirements' for an occupation will be apparent or obvious." *Gutierrez*, 844 F.3d at 807–08 (quoting SSR 00-4p, rescinded January 2025).

There is no conflict here. As discussed, the DOT's definition of light work indicates light work involves the lifting-and-carrying requirements included in the RFC; it describes activities which qualify as light work which do not involve a substantial amount of standing or walking; and it suggests positions with physical exertional requirements "in excess of" the requirements of sedentary work are light work unless appropriately classified at a higher exertional level. *See*

DOT App'x C § IV. There is therefore no obvious or apparent conflict between this definition and the VE's testimony that, despite Plaintiff's limitations in standing or walking, Plaintiff could perform work classified as light by the DOT, given that the RFC found Plaintiff capable of performing lifting and carrying consistent with light work.

In sum, the ALJ properly declined to apply the Guidelines applicable to sedentary work. The ALJ's step five determination was supported by substantial evidence and free of legal error.

## IV.  CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 27th day of October, 2025.

Grady J. Leupold
United States Magistrate Judge